**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE**

**CIVIL ACTION NO. 22-76-DLB**

**JAQUAN ARKEEM HALE**                                         **PETITIONER**

**v.**                   **MEMORANDUM OPINION AND ORDER**

**WARDEN, USP-BIG SANDY**                                 **RESPONDENT**

\*\*\* \*\*\* \*\*\* \*\*\*

Federal inmate Jaquan Arkeem Hale filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the Federal Bureau of Prisons' calculation of his sentence. (Doc. # 1). The Warden filed a timely response. (Doc. # 10). The Court provided Hale with an opportunity to file a reply to the Warden's response (*see* Doc. # 6 at 2), but the deadline for him to do so has passed. The matter is thus ripe for review. For the reasons that follow, the Court will **deny** Hale's request for habeas relief.

In his petition, Hale asserts the Federal Bureau of Prisons ("BOP") has failed to properly calculate his sentence. (Doc. # 1 at 2). Specifically, Hale contends that his federal sentence was to run concurrently with his Alabama state sentence, not consecutively like the sentence is presently being calculated. (*Id.*). On this point, Hale is only partially correct. His federal sentence was ordered to run concurrently with some, but not all, of his state periods of incarceration.

A defendant's criminal sentence generally begins to run on the date the defendant arrives at the official detention facility where the sentence is to be served. *See* 18 U.S.C. § 3585(a). If a defendant is incarcerated prior to the date he arrives at the official

1

detention facility, such as during the pretrial period, he will be given credit for that prior time towards his federal sentence only if the time "has not been credited against another sentence." 18 U.S.C. § 3585(b). Accordingly, to properly compute a federal sentence, two separate determinations must be made: (1) the date on which the sentence commenced, and (2) the extent to which a defendant may receive credit for time spent in custody prior to the date on which the sentence commenced. *Id.*

Here, Hale was first arrested on October 24, 2014, for Alabama state offenses. (Doc. # 10-1 at 2). As a result, the state of Alabama acquired primary jurisdiction over him for purposes of incarceration. *See, e.g., United States v. Collier*, 31 F. App'x 161, 162 (6th Cir. 2002). Two state cases, DC-2014-0004 and DC-2014-9996, were opened against Hale as a result of the arrest. But notably, at the time of the arrest, Hale was also subject to pending charges in state case DC-2014-1793. (*See* Doc. # 10-1 at 2).

While these three state cases were still pending, Hale was transferred from Alabama authorities to federal authorities on a writ of habeas corpus *ad prosequendum*, effective January 14, 2015. *See United States v. Hale*, Case No. 1:14-CR-304-001 (S.D. Ala. 2014), Doc. # 7 therein. Hale then remained in federal custody until August 26, 2015, when he was returned to the custody of state officials two days after his federal sentence was imposed. (Doc. # 10-1 at 3-4). In the federal judgment, issued August 24, 2015, the sentencing judge ordered Hale's federal sentence to "run concurrently with any sentence imposed in state case numbers: DC-2014-9994 and DC-2014-9996." *United States v. Hale*, Case No. 1:14-CR-304-001 (S.D. Ala. 2014), Doc. # 58 therein. Though the sentencing court was aware of the additional charges pending against Hale, only those

two cases were designated in the judgment to run concurrently to his federal sentence. Case DC-2014-1973 was not mentioned. (*See id.*)

During the time period from January 14, 2015 to August 26, 2015, Hale was effectively on loan to the United States Marshals Service from Alabama state authorities, who had primary jurisdiction over him. *See United States v. White*, 874 F.3d 490, 507 (6th Cir. 2017). Hale subsequently spent time in state custody, during which time the three pending state cases relevant to the present petition were decided.[1] Case DC-2014-9996 was dismissed. (Doc. # 10-1 at 3). Cases DC-2014-9994 and DC-2014-1793 were both transferred from district court to circuit court, renumbered, and ultimately resolved. (*Id.*). On May 18, 2016, Hale was sentenced on both remaining cases to a 60-month term of confinement, and the state judge expressed intent that the sentence would run concurrent to all of Hale's other state and federal sentences. (*Id.*). Hale remained in state custody until December 27, 2016, when he was transferred to the exclusive custody of federal authorities. (*Id.*). His 111-month federal sentence thus commenced on that date. *See* 18 U.S.C. § 3585(a); *White*, 874 F.3d at 507 (explaining that a federal sentence generally does not begin to run until state authorities relinquish a defendant on satisfaction of the state obligation).

A defendant may be awarded credit against a federal sentence for prior time served only if the time "has not been credited against another sentence." 18 U.S.C. § 3585(b). The time Hale spent in both federal and state facilities throughout 2014, 2015, and 2016 up until his transfer to exclusive federal custody was applied to the 60-month

---

[1] Hale was no stranger to federal and state charges. Only those state cases relevant to his pending § 2241 petition are mentioned in this Opinion. (*See, e.g.*, Doc. # 10-1 at 41 (referencing at least five state cases)).

3

sentence Hale was assigned in Case DC-2014-1793. While the federal judge indicated that Hale's sentence in DC-2014-9994 was to run concurrently with—i.e., be credited towards—his federal sentence, any time served towards DC-2014-1793 was not to be counted concurrently. Accordingly, because the time up to December 27, 2016, was credited to Case DC-2014-1793, it cannot also be counted towards Hale's 111-month federal sentence. As the Sixth Circuit has explained:

> Because [the defendant] received credit toward his state sentence for the time period in question, he may not receive credit for this time toward his current federal sentence. If [the defendant] were credited for this time against his current federal sentence, he would receive improper double credit.

*Broadwater v. Sanders*, 59 F. App'x 112, 114 (6th Cir. 2003) (citing 18 U.S.C. § 3585(b); *United States v. Wilson*, 503 U.S. 329, 337 (1992); *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993)). The BOP is therefore properly calculating Hale's federal sentence, and his habeas petition will be denied.

In reaching this conclusion, the Court notes two additional points. First, the fact that the Alabama state judge ordered the 60-month sentence in DC-2014-1793 to run concurrently to any other state or federal sentence is ultimately immaterial. "While a state court may express its intent that defendant's state sentence run concurrently with a previously imposed federal sentence, this intent is not binding on federal courts or the BOP." *Ruff v. Butler*, 2016 WL 1452375, at *8 (E.D. Ky. Apr. 13, 2016) (quoting *United States v. Allen*, 124 F. App'x 719, 720 (3d Cir. 2005).

Second, the Court notes that Hale's sentencing judge has made it abundantly clear that any time served on DC-2014-1793 was *not* to be counted towards the federal sentence. Not only did the judgment fail to designate DC-2014-1793 as a concurrent

4

sentence, but the sentencing judge has denied Hale's motions related to this very issue just shy of ten times.  *See United States v. Hale*, Case No. 1:14-CR-304-001 (S.D. Ala. 2014).  Further, pursuant to its policy, the BOP specifically reached out to the sentencing judge for confirmation of the court's intent towards DC-2014-1793.  In response to that inquiry, the court made clear that Hale's term of imprisonment was to be run concurrently to only DC-2014-9994 and DC-2014-9996, and consecutively to any other state cases. (Doc. # 10 at 5-6).  Under the terms of the federal judgment, Hale must serve 111-months of federal time in addition to any time served in case DC-2014-1793.  The BOP has calculated Hale's sentence pursuant to these terms, and no habeas relief is warranted in this matter.

For these reasons, the Court hereby **ORDERS** as follows:

(1)   Hale's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. # 1) is **DENIED**;

(2)   This matter is **CLOSED** and **STRICKEN** from the docket; and

(3)   Judgment will be entered contemporaneously herewith.

This 19th day of October, 2023.



Signed By:
*David L. Bunning*   DB
United States District Judge

K:\DATA\ORDERS\PSO Orders\22-76 MOO.docx